## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02827-STV

EUGENE CAMON,

    Plaintiff,

v.

TEKSYSTEMS INC.,
TEKSYSTEMS GLOBAL SERVICES, LLC,
JAY ALVATHER,
KEITH BOZEMAN,
FREDERICK BERRY,
FAITH ROTTMAN JOHNSON, and
ERICA HINES,

    Defendants.

## ORDER

Entered By Magistrate Judge Scott T. Varholak

    This civil action is before the Court on Plaintiff's "Motion to Amend the Defendant List" [#26] and "Motion to Include the Plaintiff's Record of Complaint for Employment Discrimination" [#27]. For the following reasons, the "Motion to Amend the Defendant List" [#26] is **GRANTED** and the "Motion to Include the Plaintiff's Record of Complaint for Employment Discrimination" [#27] is **DENIED without prejudice.**

    In the "Motion to Amend the Defendant List" Plaintiff seeks to "exclude" Defendants Jay Alvather, Keith Bozeman, Frederick Berry, Faith Rottman Johnson, and Erica Hines from the Complaint. [#26 at 1] Plaintiff explains that TEKSystems, Inc. and TEKSystems Global Services, LLC will remain as Defendants in this action. [*Id.*] Although Plaintiff cites to Fed. R. Civ. P. 12(b), the Court construes this Motion as a notice of voluntary dismissal under Fed. R. Civ. P. 41. Pursuant to Rule 41, a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Because Defendants Alvather, Bozeman, Berry, Rottman Johnson, and Hines have not filed an answer or a motion for summary judgment in this matter, Plaintiff may dismiss these Defendants from the suit by filing a notice of dismissal, even without a court order. Accordingly, the Court finds that dismissal of these Defendants is proper and the "Motion to Amend the Defendant List" [#26] is

**GRANTED.** Defendants Alvather, Bozeman, Berry, Rottman Johnson, and Hines are accordingly **DISMISSED** from this case. In light of the dismissal of these defendants, the Motion to Dismiss filed by Defendant Alvather [#24] is **DENIED as moot.**

In the "Motion to Include the Plaintiff's Record of Complaint for Employment Discrimination," Plaintiff includes what appear to be additional factual allegations to supplement his original Complaint [#3], and "requests . . . that this record . . . be added to the official file records" [#27 at 1]. The Court construes this Motion as Plaintiff's attempt to amend his Complaint pursuant to Fed. R. Civ. P. 15(a). The Local Rules of this Court state that "the proposed amended . . . pleading shall not incorporate by reference any part of the preceding pleading, including exhibits." D.C.COLO.LCivR 15.1(b). But Plaintiff here appears to attempt to "add[]" the allegations in the "Motion to Include" [#27] to his original claims in the Complaint [#3]. Although Plaintiff is proceeding *pro se*, he must nevertheless comply with the Federal Rules and the rules of this Court, and the failure to do so is alone grounds for denying a motion. *See, e.g.*, *Gibson v. Campbell*, No. 09-cv-00983-WYD-KLM, 2010 WL 3322705, at *1 (D. Colo. Aug. 20, 2010) (citing *Green v. Dorell*, 969 F.2d 915, 917 (10th Cir. 1992)). Accordingly, the Motion is **DENIED without prejudice** for failure to comply with this Court's Local Rules.

To the extent Plaintiff seeks to file an amended complaint, Plaintiff may do so as a matter of course, without seeking leave of the court, **by filing an amended complaint on or before April 10, 2018**—21 days within the filing of the Motion to Dismiss [#20], which remains pending in this matter. *See* Fed. R. Civ. P. 15(a)(1)(B) (plaintiff may amend a pleading once as a matter of course within 21 days after service of a Rule 12(b) motion). Plaintiff is again reminded that an amended complaint may "not incorporate by reference any part of the preceding pleading, including exhibits." D.C.COLO.LCivR 15.1(b). Accordingly, an amended complaint should include any necessary information and allegations from the original Complaint [#3] and the "Motion to Include" [#27] in a single, stand-alone document. If Plaintiff seeks to amend his Complaint after April 10, 2018, Plaintiff must obtain Defendants' written consent, or seek leave of the Court by filing a motion to amend. *See* Fed. R. Civ. P. 15(a)(2). Finally, Plaintiff is reminded of his duty to confer with Defendants prior to the filing of any motion. *See* D.C.COLO.LCivR 7.1(a).

For these reasons, 1) the "Motion to Amend the Defendant List" [#26] is **GRANTED** and Defendants Alvather, Bozeman, Berry, Rottman Johnson, and Hines are accordingly **DISMISSED** from this case; 2) the Motion to Dismiss filed by Defendant Alvather [#24] is **DENIED as moot;** and 3) the "Motion to Include the Plaintiff's Record of Complaint for Employment Discrimination" [#27] is **DENIED without prejudice**.

DATED: March 28, 2018                              BY THE COURT:

s/Scott T. Varholak_____
United States Magistrate Judge